CYRUS E. RUSSELL, APPELLANT, V. ADDIE RUSSELL, .AP-
PELLEE.

FILED JUNE 20, 1906.   No. 14,354.

Evidence examined, and *held* to sustain the decree of the trial court.

APPEAL from the district court for Jefferson county:
WILLIAM H. KELLIGAR, JUDGE.  *Decree modified.*

*John C. Hartigan,* for appellant.

*John Heasty, contra.*

JACKSON, C.

The plaintiff appealed from a decree denying him a
divorce and the custody of minor children, and requiring
him to pay his wife for her support and the maintenance
of the children the sum of $20 a month, and to provide
his family with electric light and fuel.  Submitted with the
main question is an application on the part of defendant
for the allowance of attorney's fees in this court, together
with a showing that the allowance for support made in the
trial court has only been partially paid.  At the time of
the trial both parties were residents of Jefferson county.
The decree required the defendant to retain the children
within the state and afford plaintiff reasonable oppor-
tunity to visit them on suitable occasions, and from the
affidavit of plaintiff it appears that since the rendition of
the decree the defendant has removed with the children to
Greeley county, and that fact is urged as a reason why he
should no longer be required to pay the amount allowed
for maintenance.

The evidence fully justifies the conclusion reached by the
trial court that the plaintiff was not entitled to divorce.
The parties had not lived together for some months prior
to the commencement of the divorce proceedings.   The

plaintiff is and has been employed for a number of years as engineer in an electric lighting plant at Fairbury. His duties require him to be in attendance at his labors in the nighttime. He became suspicious of the fidelity of his wife, and proved some indiscretions on her part, which she frankly admitted. The evidence, however, fails to show anything of a criminal nature. It is easy to understand how a man employed as he was, being required to work in the night and sleep in the daytime, and thus deprived of such association with his family as ordinarily falls to the lot of the husband, might more readily be induced to misconstrue the acts and associations of the wife than he otherwise would. He was receiving a salary of $70 a month, and prior to the divorce proceedings he contributed to the support of the family $20 a month out of his salary and furnished them with electric light and fuel, as he is now required to do by the decree of the court. The fact that he was to continue providing light for the home was doubtless due to the nature of his employment, and, since the defendant has removed with the children to Greeley county, the decree should be modified so that he no longer be required to furnish electric light. It would no doubt be impossible for him to do so, nor would it be convenient to attend to furnishing fuel. The removal of the family, however, to the county of Greeley should not operate to relieve him from otherwise performing the decree. Such removal is not a violation of the order of the court.

It is recommended that the decree be modified, and that the plaintiff hereafter be required to pay to the defendant the sum of $24 each month, and the sum of $50 as fees for counsel representing the defendant in this court.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is modified, and the plaintiff is required to hereafter pay to the defendant the

sum of $24 each month, and the sum of $50 as fees for
counsel representing the defendant in this court.

DECREE MODIFIED.